IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

HEYDER MOLINA PRIETO

Criminal No. 25-17

FILED
JAN 2 1 2025
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant United States Attorney in and for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Illegal Re-Entry of a Removed Alien On or about November 7, 2024 | 8 U.S.C. § 1326 |

### II. ELEMENTS OF THE OFFENSE

**As to Count 1:**

In order for the crime of Illegal Re-Entry of a Removed Alien, in violation of 8 U.S.C. § 1326, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date alleged in the Indictment, the defendant voluntarily reentered, attempted to reenter, and/or was found—that is, unlawfully present—in the United States.

2. That the defendant was an alien.

3. That the defendant had been previously deported and removed from the United States.

4. That the defendant did not have the consent or permission of the Secretary of the Department of Homeland Security to reenter into the United States, pursuant to the provisions of Title 6, United States Code, Sections 202(3) and (4) and Section 557.

> 8 U.S.C. § 1326; 6 U.S.C. §§ 202(3) and (4) and § 557.

## III. PENALTIES

### As to Count 1: Illegal Re-Entry of a Removed Alien (8 U.S.C. § 1326):

1. Not more than two (2) years imprisonment (8 U.S.C. § 1326(a)), unless any of the following circumstances exist:

   (a) If the alien's removal was subsequent to a conviction for commission of three (3) or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), not more than ten (10) years imprisonment (8 U.S.C. § 1326(b)(1));

   (b) If removal was subsequent to a conviction for commission of an aggravated felony, not more than twenty (20) years imprisonment (8 U.S.C. § 1326(b)(2));

   (c) If removal occurred on security grounds for terrorist activity (8 U.S.C. §§ 1225(c), 1182(a)(3)(B) and 1531 et seq.), not more than ten (10) years imprisonment, consecutive to any other sentence (8 U.S.C. § 1326(b)(3)); or

    (d) If removal occurred prior to completion of a sentence of imprisonment for a non-violent convicted offender (8 U.S.C. § 1231(a)(4)(B)), not more than ten (10) years imprisonment (8 U.S.C. § 1326(b)(4)).

  2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

  3. A term of supervised release of not more than one (1) year (if the maximum prison term is 2 years), or not more than three (3) years (if the maximum prison term is ten (10) or more years) (18 U.S.C. § 3583(b)).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

### VI. FORFEITURE

Not applicable in this case.

            Respectfully submitted,

            TROY RIVETTI
            Acting United States Attorney


            */s/ Rebecca L. Silinski*
            REBECCA L. SILINSKI
            Assistant United States Attorney
            PA ID No. 320774